UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

CHARLES COLEMAN, JOHN T. COONEY, JR., JAMES BORDATO, and JOHN J. CHIAFFI, in their fiduciary capacity as Trustees for the LABORERS LOCAL 754 HEALTH & WELFARE FUND, PENSION FUND SAVINGS FUND, ANNUITY FUND, INDUSTRY ADVANCEMENT FUND, DUE SUPPLEMENT FUND LECET FUND, NATIONAL HEALTH AND SAFETY FUND, NYSLPA FUND, 754 LECET FUND, TRAINING FUND and ORGANIZING FUND; and CHARLES COLEMAN and JOHN J. CHIAFFI, as Officers of LABORERS LOCAL UNION 754,

        Plaintiffs,

  -against-

INTERCOUNTY PAVING ASSOCIATES, L.L.C., CARL LIZZA, JOHN LIZZA and DOE FIDUCIARY,

        Defendants.

---

07 CIV 8136 (BSJ)(AJP)

**ANSWER AND AFFIRMATIVE DEFENSES**

Defendants Intercounty Paving Associates, L.L.C. ("Intercounty"), Carl Lizza ("Carl"), and John Lizza ("John")(collectively, "Defendants"), by and through its attorneys Cole, Schotz, Meisel, Forman & Leonard, P.A., as and for their Answer the Complaint of plaintiffs ("Plaintiffs"), hereby state as follows:

### NATURE OF ACTION

1. Defendants make no response to the allegations contained in paragraph "1" of the Complaint inasmuch as the same calls for legal conclusions and therefore leave Plaintiffs to their proofs.

## JURISDICTION AND VENUE

2. Defendants make no response to the allegations contained in paragraph "2" of the Complaint inasmuch as the same calls for legal conclusions and therefore leave Plaintiffs to their proofs.

3. Defendants make no response to the allegations contained in paragraph "3" of the Complaint inasmuch as the same calls for legal conclusions and therefore leave Plaintiffs to their proofs.

## PARTIES

4. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph "4" of the Complaint.

5. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph "5" of the Complaint.

6. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph "6" of the Complaint.

7. Defendants admit the allegations contained in paragraph "7" of the Complaint.

8. Defendants make no response to the allegations contained in paragraph "8" of the Complaint inasmuch as the same calls for legal conclusions and therefore leave Plaintiffs to their proofs.

9. Defendants make no response to the allegations contained in paragraph "9" of the Complaint inasmuch as the same call for legal conclusions, with the exception that Carl admits that he is a founder and co-owner of Intercounty. To the extent that the allegations contained in paragraph "9" suggest that Defendants acted improperly or unlawfully, the same are denied.

10.     Defendants make no response to the allegations contained in paragraph "10" of the Complaint inasmuch as the same call for legal conclusions, with the exception that John admits that he is a founder and co-owner of Intercounty. To the extent that the allegations contained in paragraph "10" suggest that Defendants acted improperly or unlawfully, the same are denied.

## PRELIMINARY STATEMENT

11.     Defendants admit the allegations contained in paragraph "11" of the Complaint.

12.     Defendants make no response to the allegations contained in paragraph "12" of the Complaint inasmuch as the document referenced therein speaks for itself.

13.     Defendants make no response to the allegations contained in paragraph "13" of the Complaint inasmuch as the document referenced therein speaks for itself.

14.     Defendants make no response to the allegations contained in paragraph "14" of the Complaint inasmuch as the document referenced therein speaks for itself.

15.     Defendants make no response to the allegations contained in paragraph "15" of the Complaint inasmuch as the document referenced therein speaks for itself.

16.     Defendants make no response to the allegations contained in paragraph "16" of the Complaint inasmuch as the document referenced therein speaks for itself.

17.     Defendants make no response to the allegations contained in paragraph "17" of the Complaint inasmuch as the document referenced therein speaks for itself.

18.     Defendants make no response to the allegations contained in paragraph "18" of the Complaint inasmuch as the document referenced therein speaks for itself.

19.     Defendants make no response to the allegations contained in paragraph "19" of the Complaint inasmuch as the document referenced therein speaks for itself.

20. Defendants make no response to the allegations contained in paragraph "20" of the Complaint inasmuch as the document referenced therein speaks for itself.

21. Defendants make no response to the allegations contained in paragraph "21" of the Complaint inasmuch as the document referenced therein speaks for itself.

22. Defendants make no response to the allegations contained in paragraph "22" of the Complaint inasmuch as the document referenced therein speaks for itself.

23. Defendants make no response to the allegations contained in paragraph "23" of the Complaint inasmuch as the document referenced therein speaks for itself.

24. Defendants make no response to the allegations contained in paragraph "24" of the Complaint inasmuch as the document referenced therein speaks for itself.

25. Defendants make no response to the allegations contained in paragraph "25" of the Complaint inasmuch as the document referenced therein speaks for itself.

## NOTIFICATION TO EMPLOYER

26. Defendants admit the allegations contained in paragraph "26" of the Complaint.

27. Defendants admit the allegations contained in paragraph "27" of the Complaint.

28. Defendants admit the allegations contained in paragraph "28" of the Complaint.

## PLAINTIFF'S FIRST CLAIM OF RELIEF AGAINST EMPLOYER - ERISA

29. Defendants repeat, reallege and reaffirm each and every response contained in the foregoing paragraphs as though fully set forth at length herein.

30. Defendants deny the allegations contained in paragraph "30" of the Complaint.

31. Defendants make no response to the allegations contained in paragraph "31" of the Complaint inasmuch as the same calls for legal conclusions.

32. Defendants deny the allegations contained in paragraph "32" of the Complaint.

47363/0095-3108410v2

33. Defendants deny the allegations contained in paragraph "33" of the Complaint.

## PLAINTIFF'S SECOND CLAIM OF RELIEF AGAINST EMPLOYER – LMRA – CONTRIBUTIONS

34. Defendants repeat, reallege and reaffirm each and every response contained in the foregoing paragraphs as though fully set forth at length herein.

35. Defendants deny the allegations contained in paragraph "35" of the Complaint.

36. Defendants deny the allegations contained in paragraph "36" of the Complaint.

## PLAINTIFF'S THIRD CLAIM OF RELIEF AGAINST EMPLOYER – LMRA – UNION DUES AND FEES

37. Defendants repeat, reallege and reaffirm each and every response contained in the foregoing paragraphs as though fully set forth at length herein.

38. Defendants deny the allegations contained in paragraph "38" of the Complaint.

39. Defendants deny the allegations contained in paragraph "39" of the Complaint.

40. Defendants deny the allegations contained in paragraph "40" of the Complaint.

## PLAINTIFF'S CLAIM FOR RELIEF AGAINST CARL

41. Defendants deny the allegations contained in paragraph "41" of the Complaint with the exception that Defendants admit that Carl was authorized to sign checks on behalf of Intercounty.

42. Defendants deny the allegations contained in paragraph "42" of the Complaint.

43. Defendants deny the allegations contained in paragraph "43" of the Complaint.

44. Defendants deny the allegations contained in paragraph "44" of the Complaint.

45. Defendants deny the allegations contained in paragraph "45" of the Complaint.

46. Defendants deny the allegations contained in paragraph "46" of the Complaint.

47. Defendants deny the allegations contained in paragraph "47" of the Complaint.

48. Defendants deny the allegations contained in paragraph "43" of the Complaint.

47363/0095-3108410v2

## PLAINTIFF'S CLAIM FOR RELIEF AGAINST JOHN

49. Defendants deny the allegations contained in paragraph "49" of the Complaint with the exception that Defendants admit that Carl was authorized to sign checks on behalf of Intercounty.

50. Defendants deny the allegations contained in paragraph "50" of the Complaint.

51. Defendants deny the allegations contained in paragraph "51" of the Complaint.

52. Defendants deny the allegations contained in paragraph "52" of the Complaint.

53. Defendants deny the allegations contained in paragraph "53" of the Complaint.

54. Defendants deny the allegations contained in paragraph "54" of the Complaint.

55. Defendants deny the allegations contained in paragraph "55" of the Complaint.

56. Defendants deny the allegations contained in paragraph "56" of the Complaint.

## PLAINTIFF'S CLAIM FOR RELIEF AGAINST DOE FIDUCIARY

57. Defendants make no response to the allegations contained in paragraph "57" of the Complaint, inasmuch as the same do not pertain to them. To the extent the same are deemed to pertain to them, Defendants deny the same.

58. Defendants deny the allegations contained in paragraph "58" of the Complaint.

59. Defendants make no response to the allegations contained in paragraph "59" of the Complaint, inasmuch as the same do not pertain to them. To the extent the same are deemed to pertain to them, Defendants deny the same.

60. Defendants deny the allegations contained in paragraph "6-" of the Complaint.

61. Defendants make no response to the allegations contained in paragraph "61" of the Complaint, inasmuch as the same do not pertain to them. To the extent the same are deemed to pertain to them, Defendants deny the same.

47363/0095-3108410v2

62. Defendants make no response to the allegations contained in paragraph "62" of the Complaint, inasmuch as the same do not pertain to them. To the extent the same are deemed to pertain to them, Defendants deny the same.

63. Defendants make no response to the allegations contained in paragraph "63" of the Complaint, inasmuch as the same do not pertain to them. To the extent the same are deemed to pertain to them, Defendants deny the same.

64. Defendants make no response to the allegations contained in paragraph "64" of the Complaint, inasmuch as the same do not pertain to them. To the extent the same are deemed to pertain to them, Defendants deny the same.

## INJUNCTIVE RELIEF

65. Defendants deny the allegations contained in paragraph "65" of the Complaint.

66. Defendants deny the allegations contained in paragraph "66" of the Complaint.

67. Defendants deny the allegations contained in paragraph "67" of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint should be dismissed for failure to state a cause of action upon which relief could be granted.

### SECOND AFFIRMATIVE DEFENSE

To the extent Plaintiffs have failed to make diligent and good faith efforts to mitigate their purported damages, any relief awarded upon the claims in this action must be dismissed or reduced, in whole or in part.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims should be dismissed to the extent that they are barred by applicable statutes of limitation.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint should be dismissed because Plaintiffs have failed to exhaust their administrative remedies.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of waiver and/or accord and satisfaction.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of estoppel.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of laches.

## EIGHTH AFFIRMATIVE DEFENSE

Defendants Carl Lizza and John Lizza are not personally liable for any amounts claimed in the complaint.

## NINTH AFFIRMATIVE DEFENSE

The amounts sought by plaintiffs for attorneys' fees, interest and liquidated damages are excessive and unreasonable under the circumstances.

## TENTH AFFIRMATIVE DEFENSE

Defendants reserve the right to plead additional affirmative defenses, which may be ascertained during the course of discovery in this action or otherwise.

WHEREFORE, defendants Intercounty Paving Associates, L.L.C., Carl Lizza, and John Lizza demand judgment against Plaintiffs dismissing their complaint with prejudice, awarding Defendants' attorneys' fees and costs incurred in the defense of this case, and granting all such other relief that the Court deems just, equitable and proper.

DATED:  New York, New York
          November 30, 2007

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.
A Professional Corporation


By:  */s/ Nolan E. Shanahan*
      Nolan E. Shanahan (NS-4598)
Attorneys for Defendants
Intercounty Paving Associates, L.L.C.,
Carl Lizza, and John Lizza
900 Third Avenue
16th Floor
New York, New York 10022
(212) 752-8000

TO:

HOLM & O'HARA
Attn: Vincent F. O'Hara
Attorneys for Plaintiffs
3 West 35th Street
9th Floor
New York, New York 10001
(212) 682-2280

9

47363/0095-3108410v2